**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PETER WASKO,

      Plaintiff-Appellant,

v.

RANDALL D. MOORE,

      Defendant-Appellee.

Nos. 04-2052 & 04-2061
(D.C. Nos. CIV-03-1026 BB/RLP &
CIV-03-1036 BB/RLP)
(D.N.M.)

**ORDER AND JUDGMENT** *

Before **HARTZ** , and **BALDOCK** , Circuit Judges, and **BRIMMER** ,** District Judge.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*      The Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

these appeals.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.

Plaintiff Peter Wasko, proceeding pro se, appeals the dismissal of his lawsuit, the sanction entered against him, and the order denying reconsideration.[1] By his complaint, Mr. Wasko sought review of a judgment entered against him in a New Mexico state court.  We affirm the order dismissing the case, but we vacate the sanction under Fed. R. Civ. P. 11, and remand for further proceedings on that issue.

*Background*

Mr. Wasko alleged that defendant damaged his automobile.  He filed suit in a New Mexico state court.  The state court dismissed his case when Mr. Wasko failed to appear for trial.  Mr. Wasko's appeals to the state appellate courts were unsuccessful.  He then filed the underlying complaint in federal court seeking a judgment against defendant based on the damage to his automobile.  Invoking 42 U.S.C. § 1983, he claims that the actions of defendant's attorney and the state-court judge violated his federally protected due process and equal protection rights.

---

[1]     Mr. Wasko filed a notice of appeal from each of two adverse orders.  The two appeals have been consolidated for procedural purposes.

Mr. Wasko filed a similar case in federal court against his former attorney who he claimed committed malpractice in representing him in an age discrimination case. *Wasko v. Silverberg*, No. 03-2204, 103 Fed. Appx. 332 (10th Cir. June 16, 2004), *cert. denied*, 2005 WL 36239 (U.S. Jan. 10, 2005) (No. 04-7103). There, this court explained that a suit under § 1983 may be brought only against a state actor, and, further, that where federal jurisdiction was absent, there could be no pendent jurisdiction over a state-law claim. *Id.* at 333-34.

In this case, the federal district court dismissed the complaint for lack of federal subject matter jurisdiction and ordered Mr. Wasko to pay defendant's attorney fees of $3,295.50. The court found that Mr. Wasko was aware that there was no federal jurisdiction over this case due to his previous attempt to bring similar claims in federal court, apparently referring to *Wasko v. Silverberg*. Accordingly, the federal court found that the present litigation was filed for the improper purpose of harassment. Mr. Wasko filed a motion to reconsider the judgment, which was denied. He appeals, reasserting his claims that the state-court proceedings violated his federal civil rights. He also challenges the award of attorney fees to defendant, and he seeks review of the district court's refusal to recuse.

*Dismissal for Lack of Jurisdiction*

We review de novo the district court's decision to dismiss the case under Fed. R. Civ. P. 12(b)(1) & (6). *Colo Envtl. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). The district court did not specify which subsection of Rule 12(b) it applied, but "we choose to treat this appeal as seeking review of a Rule 12(b)(1) dismissal because the [primary ground] cited by the district court . . . [is] jurisdictional." *Id.* Plaintiff is representing himself on appeal, so his pleadings will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The federal courts lack jurisdiction for two reasons. First, the defendant is not a state actor and, therefore, a suit under § 1983 cannot be maintained against him. *See Wasko v. Silverberg*, 103 Fed. App. at 333-34 (citing cases). Second, having lost in the New Mexico state courts, Mr. Wasko now wants the federal courts to enter a different result on his state-court claims, a procedure prohibited by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to entertain claims for review of state-court judgments. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). The doctrine "applies to *all* state-court judgments, including those of intermediate

-4-

state courts." *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473, 478 (10th Cir. 2002). It also applies to claims "inextricably intertwined" with a state-court judgment. *Id.* at 475. If a plaintiff could have raised a constitutional issue in a direct appeal of the state-court order, he may not bring that claim under § 1983 seeking to modify the state-court judgment. *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991).

To determine if *Rooker-Feldman* applies, we look to the relief Mr. Wasko seeks. *Kenmen Eng'g*, 314 F.3d at 476. Despite his attempt to characterize his federal complaint as one seeking to vindicate his federal constitutional rights, the relief Mr. Wasko seeks is a reversal of the New Mexico state courts' rulings against him. Any federal claims are inextricably intertwined with those orders. *See id.* at 476-77 (holding federal claims were inextricably intertwined with state-court order because relief sought by federal-court plaintiff was ruling vacating state-court order). Therefore, we conclude that the federal district court correctly dismissed the case because it was without jurisdiction to review any rulings by the New Mexico state court.

This court also does not have pendent jurisdiction over any state-law claims. As was explained to Mr. Wasko in his prior appeal, "we may exercise pendent jurisdiction only where the federal claim has substance sufficient to confer subject matter jurisdiction on the court." *Wasko v. Silverberg*, 103 Fed.

Appx. at 334 (quotation omitted). No federal court could have jurisdiction over his claims, and we affirm the district court's dismissal order.

*Motion to Reconsider*

We next consider Mr. Wasko's challenge to the district court's order denying his motion to reconsider. We review the district court's order denying a post-judgment motion for an abuse of discretion. *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

Mr. Wasko asserts that the district court erred by not addressing his proposed findings of fact in the findings of fact and conclusions of law. R. Doc. 19. Our review of Mr. Wasko's proposed findings, *id.* Doc. 14, demonstrates that they merely repeated his claims and arguments. Mr. Wasko cites no authority, and we know of none, that requires a district court to address all proffered findings. The district court did not abuse its discretion in this regard.

*Rule 11 Sanction*

Mr. Wasko challenges the district court's award of attorney fees to defendant as a sanction under Fed. R. Civ. P. 11. Rule 11(b)(1) provides that by signing pleadings, an unrepresented party certifies to the court that to the best of his information, knowledge and belief, and upon reasonable inquiry, the pleading is not presented for an improper purpose, such as to harass. The district court's finding that Mr. Wasko filed this case "for the improper purpose of harassment,"

R. Doc. 19, at 2, explained the reason for its conclusion that Mr. Wasko had violated Rule 11.

The record does not contain a motion for sanctions filed by defendant, so we assume it was awarded on the court's initiative. Although Rule 11(c)(1)(B) authorizes a court to impose monetary sanctions on its own initiative, it may not do so without first following the prescribed procedure: "issuance of a show cause order specifically describing the conduct implicating the rule, followed by a reasonable opportunity for the party/attorney so advised to demonstrate how [he] has not violated the rule." *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000). This procedure is mandatory; noncompliance requires reversal. *Id.* In this case, the required procedure was not followed. [2] Therefore, we must vacate the Rule 11 sanctions and remand for further proceedings.

Mr. Wasko also complains that the amount of attorney fees requested was not supported by contemporaneous time records. "The plain language of the rule requires that the court independently analyze the reasonableness of the requested fees and expenses." *White v. Gen. Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990) (applying previous version of Rule 11; language of "reasonable

---

[2] The record reflects that the court heard oral arguments on the motion to dismiss. We do not have a transcript of the hearing, but even if sanctions were discussed at the hearing, "providing the sanctioned party with an opportunity to mount a defense 'on the spot' does not comport with due process." *Hutchinson*, 208 F.3d at 1185 (quotation omitted).

attorneys' fees" also in current version). Accordingly, on remand, the district court should evaluate the reasonableness of the attorney fees requested by defendant.

In addition, the court should keep in mind that the ultimate goal of Rule 11 sanctions is "deterrence, rather than compensation." *Hutchinson*, 208 F.3d at 1183. Therefore, "the amount of sanctions is appropriate only when it is the *minimum* that will serve to *adequately* deter the undesirable behavior." *Dodd Ins. Servs, Inc. v. Royal Ins. Co.*, 935 F.2d 1152, 1159 (10th Cir. 1991) (quotation omitted). Mr. Wasko's ability to pay must also be considered, but "inability to pay should be treated like an affirmative defense, with the burden upon [Mr. Wasko] to come forward with evidence of [his] financial status." *Id.* at 1160 (quotation omitted). A bald assertion that he is unable to pay will not suffice, and even if Mr. Wasko shows a total inability to pay, "the court may assess a moderate sanction to deter future abusive litigation." *Id.* Furthermore, a hearing on sanctions is not required so long as Mr. Wasko is given the opportunity to brief the issue. *Id.*

*Motion to Recuse*

Finally, we address Mr. Wasko's claim that the district court should have granted his motion to recuse. We review for an abuse of discretion a district court's decision to deny a recusal motion based on alleged partiality.

-8-

*Higganbotham v. Okla., ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (2003). "[W]e will uphold a district judge's decision unless it is an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Id.* (quotation omitted).

Mr. Wasko alleges that the district judge's impartiality can reasonably be questioned because he directed that this case be assigned to him, rather than have it assigned randomly. R. Doc. 13. Mr. Wasko apparently contends that this judge entered orders adverse to his acquaintance in another case, so the judge took Mr. Wasko's case to ensure an outcome adverse to him, as well. Nothing in the record, including Mr. Wasko's pleadings, supports this allegation. Moreover, this claim is eviscerated by our determination that the district court's dismissal was correct.

The other ground for recusal, suggested in Mr. Wasko's motion for reconsideration, is that at the hearing on defendant's motion to dismiss, the trial court addressed questions only to Mr. Wasko, and not to counsel for defendant. R. Doc. 22. Given Mr. Wasko's difficult (and unsuccessful) legal position, it was reasonable for the trial judge to question Mr. Wasko to ascertain that dismissal was appropriate. Accordingly, we perceive no abuse of discretion in the judge's decision not to recuse.

*Conclusion*

The district court's judgment of dismissal is AFFIRMED. Its order imposing Rule 11 sanctions is VACATED, and the cause is REMANDED for further proceedings consistent with this order and judgment. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-10-