**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PETER WASKO,

        Plaintiff-Appellant,

v.

RANDALL D. MOORE,

        Defendant-Appellee.

No. 05-2184

(D. New Mexico)

(D.C. No. 03-CV-1026)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Peter Wasko, proceeding pro se, filed a 42 U.S.C. § 1983 suit against Randall D. Moore in federal district court. The district court dismissed the suit

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and awarded sanctions to Mr. Moore pursuant to Fed. R. Civ. P. 11. On appeal, we affirmed the dismissal of the suit, but vacated the Rule 11 sanctions and remanded the case. Our order and judgment mandated that the district court issue a show cause order and follow additional procedures before imposing sanctions. The district court followed the prescribed procedures and awarded attorney fees to Mr. Moore in the amount of $3,295.50.

In this appeal, Mr. Wasko challenges the district court's order granting Rule 11 sanctions. In addition, Mr. Moore has filed a motion for sanctions pursuant to Fed. R. App. P. 38, contending that the appeal is frivolous, and has requested that he be awarded damages and double costs associated with this appeal. We affirm the award of Rule 11 sanctions, and we deny Mr. Moore's Rule 38 motion for costs incurred to defend this appeal.

## I. BACKGROUND

We previously described the underlying facts of this suit in *Wasko v. Moore*, 122 F. App'x 403 (2005) (unpublished). Mr. Wasko originally filed suit in New Mexico state court, alleging that Mr. Moore damaged his automobile. Mr. Wasko did not appear for trial, his case was dismissed, and he unsuccessfully appealed his claim in state court. Mr. Wasko later filed a § 1983 suit against Mr. Moore in federal district court for vehicle damages. The district court dismissed

the case for lack of subject matter jurisdiction. "The court found that Mr. Wasko was aware that there was no federal jurisdiction over this case due to his previous attempt to bring similar claims in federal court, apparently referring to [Mr. Wasko's earlier § 1983 suit against his former attorney for malpractice, *see Wasko v. Silverberg*, 103 F. App'x 332 (2004) (unpublished)]." *Moore*, 122 F. App'x at 405. The district court also ordered, on its own initiative, Mr. Wasko to pay Mr. Moore's attorney fees of $3,295.50, pursuant to Fed. R. Civ. P. 11.

Mr. Wasko appealed, among other issues, the dismissal of his complaint against Mr. Moore and the Rule 11 sanctions. We affirmed the dismissal for lack of jurisdiction, concluding that (1) Mr. Moore was not a state actor, and (2) the *Rooker-Feldman* doctrine barred Mr. Wasko's federal claim because it was inextricably intertwined with his claims rejected by New Mexico state courts. *Moore*, 122 F. App'x at 405-06; *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923).

However, we vacated the order imposing Rule 11 sanctions and remanded the case for the district court to follow prescribed procedures for imposing sanctions: "'issuance of a show cause order specifically describing the conduct implicating the rule, followed by a reasonable opportunity for the party/attorney so advised to demonstrate how [he] has not violated the rule.' *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000)." *Moore*, 122 F. App'x at 406. We

ordered the district court on remand to "evaluate the reasonableness of the attorney fees requested by defendant" and consider Mr. Wasko's ability to pay; we did not require a hearing on sanctions, provided Mr. Wasko was given the opportunity to brief the issue. *Id.* at 407.

On remand, the district court issued an order to show cause (1) for Mr. Wasko to explain why he did not violate Rule 11(b)(1), and to submit evidence about his ability to pay, and (2) for Mr. Moore to submit time records supporting the amount of $3,295.50 in attorney fees. The court held a hearing on the order to show cause, and reviewed Mr. Wasko's brief and Mr. Moore's time records. On June 6, 2005, the district court sanctioned Mr. Wasko pursuant to Rule 11 and ordered him to pay $3,295.50 in attorney fees to Mr. Moore.

Mr. Wasko timely appealed the order imposing Rule 11 sanctions. In August 2005, Mr. Moore filed a "Motion to Dismiss Appellant's Frivolous Appeal" pursuant to Rule 38 of the Federal Rules of Appellate Procedure. He seeks damages and double costs incurred in the appeal.

## II. DISCUSSION

On appeal, we separately consider Mr. Wasko's challenge to the Rule 11 sanctions and Mr. Moore's Rule 38 motion for additional sanctions.

A.    District court's order imposing Rule 11 sanctions

-4-

Rule 11(b)(1) of the Federal Rules of Civil Procedure provides that any attorney or party, by presenting a pleading or motion to the court, certifies that "it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." A court may "impose an appropriate sanction" upon the party if the court determines that Rule 11(b) has been violated. FED. R. CIV. P. 11(c). We review a district court's Rule 11 determination for an abuse of discretion. *Hughes v. City of Fort Collins*, 926 F.2d 986, 988 (10th Cir. 1991).

We will reverse the district court only if it "based its ruling on an erroneous view of the law on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990). Although we liberally construe Mr. Wasko's pleadings, his status as a pro se litigant does not prohibit us from imposing sanctions. *See Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003).

Mr. Wasko argues on appeal that (1) this court actually vacated the Rule 11 sanctions in its earlier order and judgment; (2) the district court did not hold a hearing on the sanctions; (3) Mr. Moore's attorney failed to depose Mr. Wasko regarding his ability to pay; (4) a district court cannot grant attorney fees; and (5) Mr. Moore's attorney did not follow procedural rules in submitting records of fees. We are not persuaded. The district court properly followed the mandate of this court's order and judgment. It issued an order to show cause, provided Mr.

Wasko an opportunity to brief why he did not violate Rule 11(b)(1), and reviewed time records submitted by Mr. Moore. Further, the district court held a hearing on the order to show cause and considered Mr. Wasko's brief describing his ability to pay. Accordingly, the district court did not abuse its discretion when it granted the Rule 11 sanctions.

B.      Mr. Moore's Rule 38 motion for sanctions

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and a reasonable opportunity to respond, award just damages and single or double costs to the appellee." FED. R. APP. P. 38. "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell,* 832 F.2d 1504, 1510 (10th Cir. 1987) (internal quotation marks omitted); *see also Toscano v. Chandris, S.A.*, 934 F.2d 383, 387 (1st Cir. 1991) ("An appeal is frivolous within the purview of Fed. R. App. P. 38 when the appellant's legal position is doomed to failure--and an objectively reasonable litigant should have realized as much from the outset.").

In his motion, Mr. Moore seeks further sanctions on Mr. Wasko's appeal, including damages and double costs that he incurred to defend against Mr. Wasko's appeal and to file the Rule 38 motion. Mr. Wasko's appeal indeed lacks any legal merit. He primarily maintains that the district court failed to hold a

hearing on his Rule 11 sanctions. *See* Aplt's Opening Br. at 4 ¶ 6. However, on May 9, 2005, the district court did hold a hearing on the order to show cause; indeed, Mr. Wasko attended and argued on his own behalf.

In Mr. Wasko's response to the Rule 38 motion, he maintains that (1) Mr. Moore's counsel violated his due process and equal protection rights when counsel did not depose him regarding his ability to pay $3,295.50, and (2) the district court judge violated similar rights by entering Mr. Moore's proposed Rule 11 order verbatim. As to any required deposition, the district court noted at its hearing that Mr. Moore's attorney "can . . . take a deposition in aid of execution [of the order], and see if there is any way that you're going to be able to squeeze blood out of a turnip."[1] Rec. vol. II, at 12 (Hr'g, dated May 9, 2005). The district court further stated to Mr. Wasko at the hearing:

> [Y]ou filed your lawsuit and continued to press it for an improper purpose, to create unnecessarily delay and needlessly increase the cost of litigation. And I will reserve judgment on a sanction under [Rule 11(c)] until I have determined your ability to pay any such sanction, which will be a result of the deposition in aid of execution of this order.

*Id.* at 17-18; *see id.* at 16 (explaining to Mr. Wasko that Mr. Moore's attorney is "going to take your deposition . . . [a]nd then we'll make a decision if you have the ability to pay anything").

---

[1]According to Mr. Wasko's statement of financial status provided to the district court, he is at least 88 years old, unemployed, cannot afford an attorney, and obliged to rent out rooms in his home for income.

The district court's order granting Rule 11 sanctions later provided that "[Mr. Moore] is allowed to submit discovery requests to [Mr. Wasko] and/or depose [Mr. Wasko] in aid of execution" of the order. *Id.* vol. I, doc. 39, at 2 (Order Granting Rule 11 Sanctions, filed June 6, 2005). Though the district court's written order clearly did not require Mr. Moore to depose Mr. Wasko about his ability to pay, the court's earlier oral statements at the hearing arguably left Mr. Wasko with an impression that he would be deposed prior to the sanctions. In light of our discretion to award costs and Mr. Wasko's confusion as to when or if Mr. Moore's counsel would depose him, we decline to impose Rule 38 sanctions. We nonetheless strongly admonish Mr. Wasko to refrain from further frivolous filings.

## III. CONCLUSION

Accordingly, we AFFIRM the district court's Rule 11 sanctions and DENY Mr. Moore's motion pursuant to Rule 38.

Entered for the Court,

Robert H. Henry
Circuit Judge